Form: ICB-12001-01 rev. 01

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in compliance with D.N.J. LBR 9004-2(c)**

Isabel C. Balboa
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ  08002-2977

**Order Filed on April 28, 2022**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In Re:<br><br>    Walter A. Lion, Iv<br><br><br>    Debtor(s) | Case No.:    21-17323 (ABA)<br><br>Hearing Date:    04/27/2022<br><br>Judge:    Andrew B. Altenburg, Jr. |

## ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two(2) through five(5) is hereby

**ORDERED**.

**DATED: April 28, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2 of 5
Debtor: Walter A. Lion, Iv
Case No.: 21-17323 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The plan of the debtor having been proposed to the creditor, and a hearing having been held

on the Confirmation of such Plan, and it appearing that the applicable provision of the

Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 10/01/2021, or the last amended plan

of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in

accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is further

**ORDERED** that the debtor shall pay the Standing Trustee, Isabel C. Balboa, the sum of

$1,442.00 **for a period of 53 months** beginning immediately, which payment shall include

commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586, together

with $8,322.00 paid to date.

**ORDERED** that debtor shall pay.

100% to timely filed non-priority unsecured claims, or claims allowed pursuant to an order of the

Court.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee of $4,750.00.  The unpaid

balance of the allowed fee in the amount of $2,863.00 plus costs of $0.00 shall be paid to said

attorney through the Chapter 13 plan by the Standing Trustee.

Page 3 of 5
Debtor: Walter A. Lion, Iv
Case No.: 21-17323 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Trustee may file, with the Court and served upon the debtor and debtor's counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the debtor(s), debtor(s)' attorney and any other party filing a Notice of Appearance.

**ORDERED** that the debtor's Motion to Avoid Liens under 11 U.S.C. § 522(f) be and is hereby granted.  The following liens that impair the debtor's exemptions shall be avoided upon completion of the debtor's plan:

Orthopaedics Woodbury, Snap-On Credit, South Jersey Radiology & Adler Stomel liens to be avoided

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte an Amended Order Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed.R.Bank. P.3002.

Page 4 of 5
Debtor: Walter A. Lion, Iv
Case No.: 21-17323 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of

Claim is filed by such creditor before expiration of the applicable bar date, the debtor pursuant to

F.R.B.P. 3004, must file a Proof of Claim on behalf the creditor within 30 days of the expiration

of the applicate bar date.  If the time period pursuant to F.R.B.P. 3004 has expired, the debtor

must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay

the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the

Trustee to pay an amount certain in the plan.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to

11 U.S.C. §1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps

necessary to remove of record any lien or portion of any discharge.

**ORDERED** that the debtor consents to pay secured claims as filed, with reservation of rights to

challenge the claims.

**ORDERED** that any post-confirmation appreciation in the estate of the debtor be used for the

benefit of the unsecured creditors.

Page 5 of 5
Debtor: Walter A. Lion, Iv
Case No.: 21-17323 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that any funds accrued to a creditor who has not filed a timely proof of claim be

used for the benefit of the unsecured creditors.


**ORDERED** as follows:

   Total plan length of 60 months.

United States Bankruptcy Court

District of New Jersey

| In re: | Case No. 21-17323-ABA |
|---|---|
| Walter A Lion, IV | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| District/off: 0312-1 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Apr 28, 2022 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 30, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Walter A Lion, IV, 415 E. Central Avenue, Blackwood, NJ 08012-2718 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 30, 2022          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 28, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brad J. Sadek | on behalf of Debtor Walter A Lion  IV bradsadek@gmail.com, bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com |
| Denise E. Carlon | on behalf of Creditor MidFirst Bank dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com  summarymail@standingtrustee.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 4